IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PURNELL MCCALVIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. VINCE MOONEY, et al. | : | NO. 5:14-cv-572 |

ORDER

AND NOW, this 10th day of December, 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 23) and Petitioner Purnell McCalvin's objections thereto (Doc. No. 27), and upon independent review of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 3), as amended (Doc. No. 9), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation (Doc. No. 27) are OVERRULED.

2. The Report and Recommendation (Doc. No. 23) is APPROVED and ADOPTED as modified by this Order.

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 3), as amended (Doc. No. 9), is DISMISSED without an evidentiary hearing.

4. No certificate of appealability shall issue.

5. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

Discussion

I.   Background

In 2009, the Pennsylvania Court of Common Pleas of Berks County convicted Petitioner Purnell McCalvin of possession with intent to deliver a controlled substance and criminal conspiracy. See Commonwealth of Pa. v. McCalvin, No. 1897 MDA 2010, 1–2 (Pa. Super. Ct. Sept. 12, 2011). Pursuant to 18 Pa. Const. Stat. § 7508(a)(3)(iii), the court sentenced Petitioner to

seven to fifteen years imprisonment and imposed a $50,000 fine. Id. In his federal habeas petition, Petitioner raises seven grounds for relief that we consider in turn.[1] (See Habeas Pet. 29–78,[2] Doc. No. 3; Am. Habeas Pet., Doc. No. 9.) The Report and Recommendation ("R&R") recommends dismissing the habeas petition (R&R 13, Doc. No. 23), and Petitioner responds by raising several objections to the R&R (Pet'r's Objs. to R&R, Doc. No. 27). We evaluate each of Petitioner's objections de novo as we analyze the claims to which they relate. 28 U.S.C. § 636(b)(1)(C) (instructing that a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). We overrule each of Petitioner's objections, and we conclude by adopting the R&R as modified by this Order.

II.     Unlawful Amendment to the Bills of Information

First, Petitioner argues in his habeas petition that "the [t]rial [c]ourt erred by permitting the Commonwealth to amend the Bills of [I]nformation after the close of the Commonwealth's case to change the date of [the] [a]lleged [c]riminal [a]ctivity." (Habeas Pet. 29–42.) The R&R recommends dismissing this claim as non-cognizable. (R&R 4.) To the extent that Petitioner is claiming a state law violation (see Habeas Pet. 32–35, 39–42), we adopt the recommendation and dismiss this claim. A federal court may grant habeas relief to a state prisoner only for violations of federal law. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991).

The R&R neglects to consider, however, that Petitioner's claim may also assert a violation of federal law, and we find that this is in fact the case. Petitioner first suggests a

---

[1] Petitioner initially presented nine grounds for relief in his federal habeas petition. (Habeas Pet. 29–78, Doc. No. 3). He then filed an amended petition, which included a new claim regarding the imposition of his fine. (Am. Habeas Pet. 4, Doc. No. 9.) In his Reply to the Respondent's Answer to the Petition for Habeas Corpus (Doc. No. 22), Petitioner states that he will no longer pursue three of his original claims, leaving seven claims remaining.

[2] Although Petitioner provided his own page numbers in his Brief in Support of Writ of Habeas Corpus Petition Under 28 U.S.C. § 2254 (see Habeas Pet. 29–78), the citations in this Order will include references only to ECF's official pagination, for the sake of consistency and clarity.

violation of federal law in his habeas petition (Habeas Pet. 35–36, 38), and he asserts such a violation more clearly in his objections to the R&R (Pet'r's Objs. to R&R 7). Specifically, Petitioner contends that the amendment to the Bills of Information violated his Fifth Amendment right to a grand jury (Habeas Pet. 35), his Fourth Amendment right regarding the particularity of warrants (id. at 38), his Fourteenth Amendment right to due process (Pet'r's Objs. to R&R 7),[3] and his Fourteenth Amendment right to equal protection (id.). We therefore find that Petitioner asserts federal law violations that are cognizable on federal habeas review.

We also find that Petitioner has exhausted these federal law claims in state court as the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires. 28 U.S.C. § 2254(b). Despite Petitioner's failure to state explicitly that he was raising federal claims when he challenged the amendment to the Bills of Information on direct appeal, see Concise Statement of Matters Complained of on Appeal ("Statement of Direct Appeal"), McCalvin, No. 1711-2008 (Ct. of Common Pleas Dec. 23, 2010), we must liberally construe Petitioner's habeas petition, Rainey, 603 F.3d at 198, and Petitioner plainly intended to raise a federal due process challenge. See Smith v. Vaughn, No. 96-8482, 1997 WL 338851, at *6 (E.D. Pa. June 17, 1997) (concluding that a petitioner's claim that the Commonwealth had unlawfully amended the Bills of Information is "by its very nature one of due process and therefore petitioner's failure to label it as such in state court does not act as a procedural bar to examination of it on the merits here") (citing Evans v. Ct. of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227 (3d Cir. 1992)). We

---

[3] Petitioner in fact alleges that the state court violated his Fifth Amendment right to due process (Pet'r's Objs. to R&R 7). This would be a meritless claim, however, as the Fifth Amendment does not constrain the behavior of the states. Nonetheless, "[i]t is the policy of the courts to give a liberal construction to pro se habeas petitions," Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) (quoting United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)), and we thus construe Petitioner's claim as an assertion that the state court violated his Fourteenth Amendment due process rights.

3

therefore find that Petitioner has satisfied AEDPA's exhaustion requirement for these claims challenging the amendment to the Bills of Information. See Smith, 1997 WL 338851, at *6.

Although these claims are thus cognizable under federal law and adequately exhausted, we conclude that they lack merit. We note first that a court may not grant habeas relief based on a claim that a state court adjudicated on the merits unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(b). In Petitioner's case, the state court dismissed Petitioner's claim that the amendment to the Bills of Information was unlawful. See McCalvin, No. 1897 MDA 2010, 4–9 (Pa. Super. Ct. Sept. 12, 2011). We therefore may not grant relief on this claim unless we find that this decision was contrary to, or contained an unreasonable application of, Supreme Court jurisprudence. We do not find that this is the case.

With respect to Petitioner's due process claim, the Supreme Court has determined that "a charge or Bill of Information satisfies due process when it contains the elements of the crime, permits the accused to plead and prepare an adequate defense, and allows the disposition to be used as a bar in a subsequent prosecution." Smith, 1997 WL 338851, at *6 (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). Due process simply requires that an amendment to the Bills of Information "provide a defendant sufficient notice of the charges against him such that he can defend against the charges." Edwards v. Rozum, No. 07-1736, 2008 WL 351905, at *9 (E.D. Pa. Feb. 7, 2008), aff'd on other grounds, 337 F. App'x 236 (3d Cir. 2009).

In Petitioner's case, the amendment to the Bills of Information changed only the date range of the alleged conspiracy from "on or about July, 2007 through August, 2007" to a time

period between May 2007 and August 2007. See McCalvin, No. 1711-2008, 4 (Pa. Super. Ct. Sept. 12, 2011). Although Petitioner argues that the amendment caused him prejudice by limiting his ability to raise the defense of impossibility of unlawfully conspiring with a government informant (Habeas Pet. 12), such a defense no longer exists under Pennsylvania law, see Com. v. Timer, 415 Pa. Super. 376, 381–82 (1992). The amendment was thus "one of form[,] not substance, and did not prejudice the petitioner who was always on adequate notice of the charges levied against him." Smith, 1997 WL 338851, at *6. We find no due process violation.

Similarly, Petitioner states no legal basis for the claims that the Commonwealth's amendment to the Bills of Information may have violated his right to a grand jury, his Fourth Amendment rights, or his guarantee of equal protection, and we conclude that the amendment did not deprive Petitioner of these rights. Accordingly, we will overrule Petitioner's objections and dismiss the claims regarding the amendment to the Bills of Information, as Petitioner had sufficient notice of the charges against him and the amendment did not affect Petitioner's ability to raise valid defenses.

    III.    Insufficient Evidence

Petitioner's second claim is that the evidence against him was insufficient to prove conspiracy because there was no evidence of shared criminal intent between Petitioner and the informant. (Habeas Pet. 43.) Similarly, Petitioner's third claim is that the evidence against him was insufficient to prove possession with intent to distribute cocaine because there was no evidence either of Petitioner's intent to distribute or of his possession of any cocaine. (Id.) We adopt the R&R's recommendation (R&R 5, 7) and dismiss both of these claims. Petitioner failed to satisfy AEDPA's exhaustion requirement by pursuing these claims on direct appeal or in his petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. § 9541 et seq. See

28 U.S.C. § 2254(b); McCalvin, No. 1897 MDA 2010, 3 n.4 (Pa. Super. Ct. Sept. 12, 2011) ("In his [Pa.R.A.P. §] 1925(b) statement Appellant raised a challenge to the sufficiency of the evidence underlying his conviction. Appellant has abandoned this issue on appeal."); PCRA Pet., McCalvin, No. 1711-2008 (Mar. 12, 2012). Petitioner has not raised any objections to the dismissal of these claims. (See Pet'r's Objs. to R&R.)

    IV.    Illegal Sentence

Fourth, Petitioner argues that his sentence is illegal because the Bills of Information failed to provide notice that he was charged with a second or subsequent drug offense. (Habeas Pet. 57.) Although this claim, as originally stated in Petitioner's habeas petition, appears to be a non-cognizable state law claim, Petitioner amended his petition to demonstrate that this claim is indeed one of federal law under both Apprendi v. New Jersey, 530 U.S. 466 (2000),[4] and Alleyne v. United States, 133 S. Ct. 2151 (2013). (See Am. Habeas Pet. 2–3; R&R 4.)

In Apprendi, the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. Similarly, in Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a defendant is an "element" of the crime that must be submitted to the jury. 133 S. Ct. at 2155. As Petitioner's jury did not find facts that would warrant application of the heightened mandatory minimum sentence of seven years or the statutory maximum sentence of fifteen years, Petitioner argues that he has a valid claim under Apprendi and Alleyne. (See Am. Habeas Pet. 2–3; R&R 4.)

---

[4] Although the R&R does not address Petitioner's Apprendi claim, we must consider it, as Petitioner presented this claim in both his amended habeas petition and his objections to the R&R. (See R&R 4–5; Am. Habeas Pet. 2–3; Pet'r's Objs. to R&R 1–3.)

We find that Petitioner failed to exhaust this claim, as he did not raise it on direct appeal or in his PCRA petition. See Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010); PCRA Pet., McCalvin, No. 1711-2008 (Mar. 12, 2012). Although Petitioner did challenge the legality of his maximum sentence on direct appeal, his claim concerned the failure of the Commonwealth to indicate in the Bills of Information that the charged crime constituted a second or subsequent offense warranting a fifteen-year maximum sentence. See 18 Pa. Const. Stat. § 7508(a)(3)(iii); Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010). He did not raise any arguments on direct appeal or in his PCRA petition that his sentence violated federal law. See Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010); PCRA Pet., McCalvin, No. 1711-2008 (Mar. 12, 2012). Nor did he contend that the Commonwealth erred in failing to submit the sentence-enhancing element to the jury. Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010); PCRA Pet., McCalvin, No. 1711-2008 (Mar. 12, 2012). The petition before us constitutes the first instance in which Petitioner has challenged the Commonwealth's failure to submit this factor to the jury, so we must dismiss Petitioner's Apprendi and Alleyne claims as unexhausted.

As recommended by the R&R, we further dismiss Petitioner's Alleyne claim as inapplicable to Petitioner's case pursuant to United States v. Winkelman. (R&R 4 (citing Winkelman, 746 F.3d 134, 136 (3d Cir. 2014)).) The Third Circuit held in Winkelman that Alleyne does not apply retroactively to cases on collateral review. Winkelman, 746 F.3d at 136; see also Teague v. Lane, 489 U.S. 288, 310 (1989) ("[W]e now adopt Justice Harlan's view of retroactivity for cases on collateral review. Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."); United States v. Reyes, 755 F.3d 210,

212 (3d Cir. 2014) (expounding on Winkelman and reiterating that the rule of criminal procedure announced by the Supreme Court in Alleyne does not apply retroactively to cases on collateral review), cert. denied, No. 14-6816, 2014 WL 5364572 (U.S. Nov. 17, 2014).

Petitioner argues in his objections to the R&R that this Court should apply the rule announced in Alleyne retroactively to his case, despite Winkelman. (Pet'r's Objs. to R&R 4.) As we are bound to follow Third Circuit precedent, however, we must adhere to the court's holding in Winkelman and dismiss Petitioner's Alleyne claim. See UTI Corp. v. Fireman's Fund Ins. Co., 896 F. Supp. 362, 379 (D.N.J. 1995) ("[A]s a federal district court, we are bound by the pronouncements of the Third Circuit Court of Appeals."); cf. United States v. Higdon, 638 F.3d 233, 247 (3d Cir. 2011) (criticizing a district court judge for refusing to follow circuit court precedent). As such, we overrule Petitioner's objections concerning his Alleyne claim.

V.     Illegal Fine

Petitioner also argues in his amended habeas petition that the imposition of his $50,000 fine violated Apprendi, as the Commonwealth did not submit to the jury the fine-enhancing issue of whether the crime charged constituted Petitioner's second or subsequent offense. (Am. Habeas Pet. 4.) See 18 Pa. Const. Stat. § 7508(a)(3)(iii). We dismiss this claim, like Petitioner's similar claim concerning his sentence, as unexhausted. Petitioner failed to bring this claim on direct appeal or in his PCRA Petition, see Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010); PCRA Pet., McCalvin, No. 1711-2008, 2–6 (Mar. 12, 2012),  and he is therefore precluded from bringing it now.

In addition, among Petitioner's objections to the R&R pertaining to his sentence, Petitioner includes a new argument that his $50,000 fine is excessive in violation of the Eighth Amendment to the U.S. Constitution. (Pet'r's Objs. to R&R 3.) Petitioner failed, however, not

only to exhaust this claim in state court, see Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010); PCRA Pet., McCalvin, No. 1711-2008, 2–6 (Mar. 12, 2012), but also to include it in his habeas petition (see Habeas Pet. 57–64). Accordingly, Petitioner may not raise this claim at this time.

      VI.     Ineffective Assistance of Trial Counsel

Petitioner next argues that he received ineffective assistance of trial counsel in a number of ways. (Habeas Pet. 64–70.) First, Petitioner claims that trial counsel was ineffective for failing to argue in his motion for judgment of acquittal that Petitioner would be prejudiced by the amendment to the date range in the Bills of Information. (Habeas Pet. 64; R&R 11.) This is the only claim that Plaintiff raised in his 2012 PCRA petition. PCRA Pet., McCalvin, No. 1711-2008 (Mar. 12, 2012). The Pennsylvania Court of Common Pleas of Berks County dismissed his PCRA petition, see Order & Notice of Intent to Dismiss, McCalvin, No. 1711-08, 4–6 (Ct. of Common Pleas, Aug. 8, 2012), the Pennsylvania Superior Court affirmed, see McCalvin, No. 1345 MDA 2012, 4–5 (Pa. Super. Ct. Feb. 28, 2013), and the Pennsylvania Supreme Court denied *allocatur* (see R&R 3). Petitioner therefore sufficiently exhausted his state court remedies with respect to this claim.

The R&R recommends dismissing this claim because the argument that Petitioner believes that counsel should have raised is in fact meritless, and trial counsel cannot be deemed ineffective for failing to raise a meritless claim. (R&R 11–12.) It is important to note that the state court dismissed this ineffective assistance of trial counsel claim, and we therefore cannot grant habeas relief on this claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254. For the reasons discussed above regarding

amendment to the Bills of Information, we find that the state court's dismissal was not contrary to clearly established law. The argument that Petitioner would have had trial counsel make is indeed meritless, and as such, trial counsel was not ineffective for failing to raise it. See, e.g., Johnson v. Tennis, 549 F.3d 296, 301 (3d Cir. 2008). We will dismiss this claim of ineffective assistance of counsel.

The R&R recommends dismissing the remainder of Petitioner's claims of ineffective assistance of trial counsel due to Petitioner's failure to exhaust the available remedies in state court. (R&R 7.) Petitioner argues in his objections to the R&R that he did exhaust all of his ineffective assistance of trial counsel claims. (Pet'r's Objs. to R&R 8–9.) Thorough review of both Petitioner's 2011 direct appeal and his 2012 PCRA petition, however, reveals that Petitioner presented only one ineffective assistance of counsel claim in state court—the claim regarding trial counsel's failure to object to the amendment of the Bills of Information, which we have dismissed. See Statement of Direct Appeal, McCalvin, No. 1711-2008 (Dec. 23, 2010); McCalvin, No. 1897 MDA 2010 (Pa. Super. Ct. Sept. 12, 2011); PCRA Pet., McCalvin, No. 1711-2008, 2–6 (Mar. 12, 2012). Accordingly, we adopt the R&R's recommendation to dismiss Petitioner's remaining ineffective assistance of trial counsel claims, as Petitioner failed to exhaust his state remedies with respect to these claims.

VII.   Ineffective Assistance of Appellate Counsel

Finally, Petitioner contends that he received ineffective assistance of direct appellate counsel.[5] (Habeas Pet. 71.) He argues that counsel failed to properly pursue Petitioner's claims

---

[5] To clarify, we note that Petitioner's original direct appellate counsel was previously found ineffective for failing to file a brief, and the Pennsylvania Court of Common Pleas of Berks County granted Petitioner's PCRA petition seeking reinstatement of his direct appellate rights. See Order & Notice of Intent to Dismiss, McCalvin, No. 1711-08, 1–2 (Ct. of Common Pleas Aug. 8, 2012). Petitioner's current claims of ineffective assistance of direct appellate counsel concern the work of Francis Walsh, Esq., the attorney who represented Petitioner when he exercised these reinstated direct appellate rights *nunc pro tunc*. See McCalvin, No. 1897 MDA 2010 (Ct. of Common Pleas Sept. 12, 2011). (See Habeas Pet. 71; Pet'r's Habeas Submission of Jan. 23, 2014, pp. 23–24, Doc. No. 1.)

of insufficiency of the evidence on appeal, such that counsel was ineffective in preserving these issues.[6] The R&R recommends dismissing this claim as unexhausted and procedurally defaulted (R&R 7), and Petitioner does not raise an objection to this recommendation (see Pet'r's Objs. to R&R). As we find that Petitioner did not bring this claim in his PCRA petition, see PCRA Pet., McCalvin, No. 1711-2008, 2–6 (Mar. 16, 2012), we adopt the recommendation of the R&R to dismiss this claim as unexhausted and procedurally defaulted.

Conclusion

For the foregoing reasons, we OVERRULE each of Petitioner's objections to the R&R (Doc. No. 27). We APPROVE and ADOPT the R&R (Doc. No. 23) as modified by this Order, and we DISMISS Petitioner's habeas petition (Doc. No. 3), as amended (Doc. No. 9), without an evidentiary hearing.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[6] Although Petitioner includes the claim of ineffective assistance of appellate counsel in his habeas petition, he does not explain the rationale behind this claim in detail in the petition itself; rather, he states that the claim "has been properly explained in the § 2254 Habeas Corpus Motion," ostensibly referring to the document that he had originally submitted as a putative federal habeas petition. (See Habeas Pet. 71. (referring to Pet'r's Habeas Submission of Jan. 23, 2014, pp. 23–24, Doc. No. 1).) This Court determined in its Order of March 12, 2014 (Doc. No. 2) that Petitioner had failed to use the current standard form required for habeas petitions, and Petitioner subsequently filed his proper federal habeas petition (Doc. No. 3). As we are to liberally construe a pro se petitioner's habeas petition, see Rainey, 603 F.3d at 198, we consider the explanation supporting his ineffective assistance of appellate counsel claim in Petitioner's original filing, even though Petitioner did not restate this explanation in his formal habeas petition.